IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

05 JAN 26 PM 2: 21

CLERK-ALBUQUERQUE

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.

    No. CIV 02-1257 JH/LCS
    No. CR 98-98 LH

OMAR COMBS,

    Defendant-Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon a matter reserved in the Court's initial disposition of Defendant's Petition, to wit: whether the United States Supreme Court's decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004) should be applied retroactively to petitions filed under 28 U.S.C. § 2255. The Supreme Court has since decided *United States v. Booker*, __S.Ct.__, 2005 WL 50108 (U.S.) The United States Magistrate Judge, having considered this new authority, as well as arguments of counsel, the record in this case, and being otherwise fully advised, finds that *Blakely* does not apply retroactively to Mr. Combs's sentence and that his Petition should be **DENIED**.

I.    **Proposed Findings**

1.    Defendant, currently incarcerated, filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 on October 4, 2002. (Doc. 1). Defendant attacked the sentence entered on December 29, 1999 in the case styled *United States of America v. Green* and numbered CR 98-98 LH, United States District Court for the District of New Mexico. The United States Magistrate Judge entered his proposed findings on October 4, 2004 (Doc. 17).

recommending that Defendant's Petition be denied. Petitioner filed objections to these proposed findings on December 21, 2004. (Doc. 20). The Court found these objections to be without merit and the United States District Judge adopted the Magistrate's proposed findings on November 10, 2004. (Doc. 18).

## II. Analysis

2. Although the Tenth Circuit has not yet issued a decision in *United States of America v. Terrance Dewayne Heckard*, CIV 02-285 MV/LCS, as to the retroactivity of the United States Sentencing Guidelines, the Court has received the necessary guidance from the Supreme Court's recent decision in *United States v. Booker*, __S.Ct.__ (2005), 2005 WL 50108 (U.S.).

3. The Supreme Court has previously held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Blakely*, the Supreme Court clarified *Apprendi*, holding that a state criminal code which allowed judges to impose a sentence above the range designated in the code, if they found "substantial and compelling reasons justifying an exceptional sentence", violated a defendant's Sixth Amendment right to trial by jury. *Blakely*, 124 S.Ct. at 2535.

4. In the recently decided *Booker* case, the Supreme Court found that *Blakely* applies to the United States Sentencing Guidelines. *Booker*, __U.S.__ (2005), 2005 WL 50108 (U.S.). Further, the Court held that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict, must be admitted by the defendant or proved to the jury beyond a reasonable doubt.

2

*Id.* at *14, *16. This principle applies to all cases on direct review. *Id.*

5.      Regarding whether the principles of *Blakely* are to be applied retroactively, the Supreme Court has previously held that it is the only entity that can make a new rule retroactive. *Tyler v. Cain*, 533 U.S. 656, 663 (2001). A new rule will be retroactive to cases on collateral review only when "the Supreme Court holds it to be retroactive." *Id.* The Supreme Court has not expressly held that *Booker* is to be retroactive concerning cases on collateral review. *See Booker*, __U.S.__ (2005), 2005 WL 50108 (U.S.).

6.      Petitioner's case is not before the Court on direct review, but on collateral review by a Motion under 28 U.S.C. § 2255. Because the Supreme Court did not expressly state that *Booker* should be applied retroactively and instead held that it would apply, "to all cases on direct review", Petitioner's § 2255 Motion should be dismissed.[1] *Id* at *14; *Tyler*, 533 U.S. at 663.

### III.    Recommended Disposition

I recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed October 4, 2002 (Doc. 1) be denied.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333

---

[1] The Court notes that the Eleventh Circuit as well as a Magistrate Judge in the District of Maine have also concluded that *Booker* is not to be applied retroactively with regard to habeas proceedings. *See In re Anderson*, 2005 U.S. App. LEXIS 1097 (*Booker* not retroactive for purposes of authorizing a second or successive 28 U.S.C. § 2255 or 28 U.S.C. § 2254 Motion); *Stevens v. United States of America*, 2005 U.S. Dist LEXIS 608 (28 U.S.C. § 2255 Motion).

3

Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

 

 

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**